UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 NOV 21  PM 4:46
LORETTA G. WHYTE
       CLERK

| | |
|---|---|
| TAURUS GREGORY | CIVIL ACTION |
| VERSUS | NO. 05-1857 |
| LT. RONNIE SEAL, ET AL | SECTION "C" (2) |

ORDER

IT IS ORDERED that the plaintiff's motion for temporary restraining order, order to show cause, preliminary injunction and expedited hearing is DENIED. (Rec. Doc. 19). A temporary restraining order or preliminary injunction is appropriate only when the moving party establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. <u>Allied Marketing Group, Inc. v. CDL Marketing, Inc.</u>, 878 F.2d 806 (5th Cir. 1989); <u>State of Louisiana ex rel Guste v. Lee</u>, 635 F.Supp. 1107, 1125 (E.D. La. 1986). It is an extraordinary remedy available only if the movant has clearly carried the burden of persuasion as to all four factors. <u>Allied</u>, <u>supra</u>. At a minimum, the plaintiff has not articulated an instance of injury which can be deemed "irreparable." Rather, all of the threatened damages can be compensated in monetary damages. "[A] preliminary injunction usually will be denied if it appears that the

1

applicant has an adequate alternate remedy in the form of money damages or other relief." C. Wright, A. Miller & M. Kane, Federal Practice & Procedure §2948.1, pp. 149-151 (1995).

New Orleans, Louisiana, this 18 day of November, 2005.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE